MOORE *to use of* ROAD DISTRICT, *Appellant*, v. VAUGHAN.

### Division Two, March 18, 1895.

1. **Roads**: POLL TAX: DISABILITY: EXEMPTION.   One listed as an able-bodied man by the road overseer must, to be relieved of the road poll tax under Revised Statutes, 1889, section 7815, make proof of disability to, and obtain a certificate of exemption from, the county court before the first day of October of the current year.

2. ———: ———: ———: ———.   The defense of disability is not available in a suit by the road overseer for the tax, in the absence of a certificate of exemption from the county court.

*Appeal from Newton Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED AND REMANDED.

*John T. Sturgis* for appellant.

Where one is sued for his road poll tax, the defense that he was not an able-bodied man can not be raised on the trial, unless he produces a certificate to that effect from the county court.   Revised Statutes, 1889, section 7815.   As the defendant in this case did not have the certificate of exemption from the county court, the judgment of the lower court should be reversed.

*A. J. Harbison* and *O. L. Cravens* for respondent.

The judgment of the lower court should be affirmed because:   *First.* The record does not show that the suit was brought in the township of the road overseer. *Second.* The constable made no demand before instituting this suit.   *Third.* No cause of action, as required by the law, was filed before the justice showing balance due, giving credit for all work and labor that the tax-

payer had done, and all sworn to be correct. *Fourth.*
The "sworn statement" as filed is further defective
because not showing the manner and time of notice or
that defendant failed to respond when notified. *Fifth.*
The fact that defendant is not an able-bodied man.

BURGESS, J.—The plaintiff commenced this action
before a justice of the peace and filed the following
statement of his cause of action:

"List of able-bodied men in Road District No. 1,
T. 26, R. 32, who have failed to work out their road
poll tax in said district for the year 1891, viz.:

"H. N. Vaughn, 4 days, $4.00.

"I, Allen Moore, Road Overseer, do solemnly swear
that the foregoing is a true list of persons in said Road
District who have failed to work out their Road Poll
Tax in said District for the year 1891, and that the
amount is the amount due, that due notice had been
given said party to work, as required by law.

"ALLEN MOORE, Road Overseer.

"Sworn to and subscribed before me this 1st day
of October, 1891.

" [SEAL]      P. R. SMITH, Clerk Co. Court."

The case was tried by the court, a jury being
waived. There was a judgment for defendant, from
which plaintiff appealed.

On the trial, over the objection and exception of
plaintiff, defendant was permitted to prove by oral evi-
dence that he was not, during the year 1891, an able-
bodied man, and in this, plaintiff contends the court
committed error.

By section 7815, Revised Statutes, 1889, it is pro-
vided that: "The road overseers of the several road
districts in each county shall furnish and cause a list
of able-bodied male persons between the ages of twenty-
one and fifty years, residing in their respective road

districts, to be filed in the office of the clerk of the county court, alphabetically arranged, on or before the first day of April in each year; *provided*, that any person listed as able-bodied may, on sufficient proof of his disability, receive a certificate from the county court, signed by the presiding justice, exempting him from poll tax."

That part of the section of the statute just quoted which provides that any person listed as able-bodied may, on sufficient proof of his disability, receive a certificate from the county court, exempting him from poll tax, first appeared upon our statute in the revision of 1889. Before that time no provision was made by statute as to in what tribunal a man listed as able-bodied for the purpose of working roads might make proof of his disability, and be exempted from a road poll tax; therefore, when sued by the road overseer of his district for failing to work he might show as a defense to the action that he was not an able-bodied man, and was exempt from the payment of such tax. By said section a list of all able-bodied male persons between the ages of twenty-one and fifty years, residing in their respective road districts, is required to be made out by the road overseer, and filed with the clerk of the county court on or before the first day of April in each year, while by section 7816, an overseer has until the first day of the following October to make out and deliver to some constable a list of all such persons in his road district who have failed to work and the amount due by each, which statement is *prima facie* evidence of its correctness.

All persons between the ages of twenty-one and fifty years are bound to take notice of the time the road overseer of their district is required by law to file with the clerk of the county a list of such persons residing therein, and it is the duty of any person claim-

ing exemption from a road poll tax to appear before the county court of the county between that time and the first day of October following and make proof of his disability, receive a certificate from the county court signed by the presiding justice, exempting him from poll tax. This was the evident purpose and intention of the statute. It deprives him of no rights, but simply requires him to make proof of his disability before the county court, where the list of persons *prima facie* liable to work on roads is required to be returned, and where such proof should properly be made. That the legislature had the right to require such proof to be made before the county court, and to confer upon that court the power to pass upon such matters, there can be no doubt, and, having done so, the defendant should have made proof of his disability before that court, whose jurisdiction with respect thereto was exclusive.

From what has been said, it follows that the court committed error in admitting the evidence, and in refusing the instruction asked by plaintiff in accordance with these views. The judgment is reversed and the cause remanded. All of this division concur.